Robert G. Becerra v. Commsioner.
Becerra v. Commsioner
Docket No. 5889-67.
United States Tax Court
T.C. Memo 1969-22; 1969 Tax Ct. Memo LEXIS 275; 28 T.C.M. (CCH) 108; January 30, 1969, Filed Robert G. Becerra, pro se, 120 Downey St., San Francisco, Calif. Joel A. Sharon, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency of $740.94 in petitioner's income tax for the taxable year 1965. The sole issue is the amount of tips received by petitioner as a beautician in the taxable year 1965. Findings of Fact Robert G. Becerra [1] filed a Federal income tax return on the cash basis of accounting for the taxable year 1965 with the district director of internal revenue, San Francisco, California. He was a legal resident of that city when he filed the petition in this case. *276 Petitioner was employed as a beautician during 1965 with Lindahl Hairstylists, Inc. 109 (hereinafter referred to as Lindahl's). Lindahl's occupied two locations in San Francisco: a salon on the second floor of Ransohoff's Department Store and another at 312 Sutter Street. Sometime in 1965 the salon at Ransohoff's Department Store was taken over by Seligman & Latz (hereinafter referred to as S&L). Petitioner thereupon entered into employment with S&L. The record does not disclose the number of days petitioner worked for each employer. The prices charged at Lindahl's in 1965 for various services were as follows: Shampoo and set (short hair)
$6.00
Shampoo and set (long hair)
7.00
Haircuts
4.00-5.00
Tint (single process)
10.00 plus set
Bleach and toner
15.00 plus set
Permanent wave
25.00 plus set
Rinse (one week)
1.50
Rinse (five weeks)
5.50
Conditioners
1.50-4.00 These were average prices for the area in which Lindahl's is located. [2]
Petitioner's arrangement with Lindahl's was that he would receive 60 percent of the gross receipts charged by him to the customers. *277 Petitioner's arrangement with S&L was that he would receive 50 percent of the first $750 gross receipts per month charged by him and 55 percent of the charges in excess of $750 per month. During 1965 petitioner was paid $14,747.60 by Lindahl's and $1,886 by S&L. The books and records of Lindahl's reflecting the amounts paid to petitioner were destroyed in a flood at the Sutter Street salon. Petitioner did not maintain any books or records to substantiate the amounts of tips received during the taxable year. Petitioner reported $575 as tip income on his 1965 Federal income tax return. Respondent alleges that petitioner received total tip income of $2,250 in 1965. Tips constitute compensation for services rendered. Thus, tips are includable in gross income under section 61(a) of the Internal Revenue Code of 1954. The only issue presented in this case is the amount of tip income earned by petitioner during the taxable year 1965. Petitioner reported $575 as tip income on his 1965 Federal income tax return. In the face of respondent's challenge, however, petitioner has failed to sustain his burden of proof as to such amount. He did not maintain any books or *278 records to substantiate the amounts of tips received during the taxable year. The books and records of Lindahl's, moreover, were not available inasmuch as they had been destroyed in a flood at its salon on Sutter Street. In fact, the only evidence presented on petitioner's behalf was his own self-serving testimony. Notwithstanding the weak presentation by petitioner, we feel that respondent has produced cogent evidence corroborating his determination that petitioner earned $2,250 in tip income during 1965. Respondent takes the position that petitioner's tips during 1965 approximated eight percent of gross receipts attributable to petitioner's services during 1965. An eight percent figure is reasonable in view of evidence presented at the trial. Ruth Lindahl, manager of Lindahl's, and Gary Stewart Price, hairstylist employed at Lindahl's, both testified that they believed the average tip left to the beauticians by their customers was about eight percent of the gross receipts charged to the customers. This eight percent figure takes into consideration those customers who do not leave any gratuity. We accordingly hold that petitioner earned at least $2,250 in tip income during 1965. *279 Decision will be entered for the respondent. Footnotes
1. At the trial petitioner stated that his name was Roberto rather than Robert. All pleadings, however, use the name Robert. Petitioner makes no claim that he is a different person than that described in the pleadings.↩
2. No evidence was presented as to prices for services rendered at S&L.↩